## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

ADVANCED TECHNOLOGY
CORPORATION, INC.,

        Plaintiff,

    v.

INSTRON, INC., TINIUS OLSEN
INTERNATIONAL CO., MTS SYSTEMS
CORPORATION, and ASTM
INTERNATIONAL,

        Defendants.

Case No. 1:12-CV-10171-JLT

## DEFENDANT INSTRON'S MOTION TO STRIKE
## ATC'S UNAUTHORIZED SECOND AMENDED COMPLAINT

Pursuant to Fed. R. Civ. P. 12(f), defendant Instron hereby moves to strike plaintiff

Advanced Technology Corporation's ("ATC") procedurally improper new Second Amended

Complaint (Dkt. No. 52) – the *fourth* complaint filed by ATC and the second titled "Second

Amended Complaint" – which purports to add new allegations and causes of action (all of which

could have been brought before) without leave of Court in violation of Fed. R. Civ. P. 15(a)(2).

On July 16, 2012, with motions to dismiss its First Amended Complaint pending, ATC

filed a motion to amend its complaint (Dkt. No. 37).  ATC attached to its motion a proposed

Second Amended Complaint (Dkt. No. 37-1), which included new factual allegations previously

asserted in ATC's opposition brief (Dkt. No. 29) and in an affidavit from ATC's founder and

president, Fahmy Haggag (Dkt. No. 29-1).

On February 26, 2013, the Court issued an order granting the defendants' motions to

dismiss ATC's Sherman Act claim (claim I) and Chapter 93A claim (claim II), but denying

(without prejudice) Instron's motion to dismiss ATC's commercial disparagement claim (claim

III) (Dkt. No. 47 ("Order") ¶¶ 1-2).  In the same Order, the Court granted ATC's motion to amend "as to [claim] III against Instron" (Order ¶ 3), specifically citing the then-pending proposed Second Amended Complaint (Dkt. No. 37).  In addition, the Court invited ATC and Instron to file supplemental briefs addressing four questions about ATC's commercial disparagement claim, and it granted leave for Instron to renew its motion to dismiss claim III "***in light of these briefs***" (Order ¶ 5 (emphasis added)).

The Court, therefore, plainly granted ATC leave only to file the then-pending proposed Second Amended Complaint, a document the Court reviewed in its Memorandum Opinion passing on ATC's motion to amend (Dkt. No. 48 at 20-23).  Indeed, the Court's Order that Instron could renew its motion to dismiss "in light of" the supplemental briefs presupposed that the parties' supplemental briefs would address the proposed Second Amended Complaint attached to ATC's motion to amend, and not some other (or later lodged) complaint.

Nevertheless, recognizing the infirmities of its proposed Second Amended Complaint, ATC acted in derogation of this Court's Order.  On March 25, 2013, the same day that the parties filed their supplemental briefs, ATC filed a new complaint – not the one attached to its motion to amend – styled a "Second Amended Complaint" (Dkt. No. 52).  ATC's new complaint attaches new exhibits, adds new allegations, and purports to plead two causes of action (defamation and injurious falsehood) not contained in its first proposed Second Amended Complaint.  All of the new allegations could have been asserted in ATC's original proposed Second Amended Complaint (Dkt. No. 37-1).

ATC lodged its March 25 complaint in violation of Rule 15(a)(2).  ATC received neither leave of Court to file an entirely new complaint nor Instron's consent.  Had ATC properly sought leave to amend, Instron would have opposed because ATC has had ample opportunity in its

previous complaints to assert all allegations and causes of action of which it was aware.  *See Tapogna v. Egan*, 141 F.R.D. 370, 373 (D. Mass. 1992) (denying leave to amend where the plaintiffs "had ample opportunity to allege any facts of which they [were] aware from which liability may flow").  Moreover, for reasons explained in Instron's Memorandum in support of its renewed Motion to Dismiss, the claims asserted in ATC's improperly lodged "Second Amended Complaint" are futile.  *See Hayden v. Grayson*, 134 F.3d 449, 455-56 (1st Cir. 1998) (denying leave to amend where new complaint "would be subject to immediate dismissal under Rule 12(b)(6) for failure to state a viable claim for relief").

For these reasons, Instron respectfully requests that the Court strike ATC's new purported "Second Amended Complaint" (Dkt. No. 52).

Respectfully submitted,

Dated: April 9, 2013

By:   /s/ Jane E. Willis
      Jane E. Willis (BBO # 568024)
      ROPES & GRAY LLP
      Prudential Tower
      800 Boylston Street
      Boston, MA 02199-3600
      (617) 951-7000
      (617) 951-7050 (fax)
      jane.willis@ropesgray.com

      Mark S. Popofsky
      ROPES & GRAY LLP
      One Metro Center
      700 12th Street, NW
      Washington, DC 20005-3948
      (202) 508-4600
      (202) 508-4050 (fax)
      mark.popofsky@ropesgray.com
      *Admitted Pro Hac Vice*

      *Attorneys for Instron, a division of Illinois Tool Works Inc.*

## LOCAL RULE 7.1(a)(2) CERTIFICATE

Pursuant to Local Rule 7.1(a)(2), the undersigned counsel certifies that counsel for the defendant have conferred with counsel for the plaintiff and have attempted in good faith to resolve or narrow the issues in this Motion, but have been unable to do so.

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on April 9, 2013.

Dated: April 9, 2013                                    By:  /s/ Jane E. Willis